IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARRYL GARDNER                          :
    Petitioner,

v.                                      :      CIVIL ACTION
                                                NO. 14-2903
MIKE WENEROWICZ, et al.
    Respondents.                        :

**ORDER**

AND NOW, this 5th day of March, 2018, upon consideration of Petitioner's Objections to Report of Magistrate Judge (Doc. No. 23) and the government's Response thereto (Doc. No. 26), it is hereby ORDERED that said Objections are OVERRULED.[1]

It is further ORDERED as follows:

    1.    For purposes of maintaining a clear record, the Order of this Court dated September 1, 2016 (Doc. No. 19) is hereby VACATED;

---

[1] The instant habeas petition was filed by Mr. Gardner more than thirteen (13) years beyond the time limit prescribed by 28 U.S.C. § 2244(d). Although Petitioner claims his ability to comply with state post conviction relief procedures was thwarted by prison officials, the delay complained of only comprises a minuscule portion of the numerous years beyond which he was required to file the instant habeas matter. Even giving Petitioner the benefit of the five-month delay cited with regard to state post conviction proceedings, he has provided no indication that he exercised any degree of due diligence for the remaining years that spanned more than an entire decade. Moreover, Petitioner's reliance on *Trevino v. Thaler*, 569 U.S. 413 (2013) to excuse his untimely petition is misplaced. Aside from the fact that *Trevino* pertains to the issue of procedural default, Petitioner's ineffectiveness claim was in fact raised and considered on direct appeal. (Habeas Pet. Ex. D-11 at 30.) *See also Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014) ("In *Trevino* . . . the Supreme Court clarified that the *Martinez* rule applied not only to states that expressly denied permission to raise ineffective assistance claims on direct appeal . . . but also to states in which it was 'virtually impossible,' as a practical matter, to assert an ineffective assistance claim before collateral review.") (quoting *Trevino*, 569 U.S. at 417). Clearly, the validity of Petitioner's Objections relating to *Trevino* is belied by the record and his argument that "the interests of justice" require this Court to disregard the statutory mandates that control this matter, is similarly baseless. (Objs. 1-2, 4-5.) Because this Court is prohibited from reaching the merits of Petitioner's claims, his third Objection is rendered moot.

2. The Report and Recommendation of Magistrate Judge Richard A. Lloret (Doc. No. 17) is hereby APPROVED and ADOPTED;

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED with prejudice;

4. No Certificate of Appealability shall issue, because "the applicant has [not] made a substantial showing of the denial of a constitutional right[,]" under 28 U.S.C. § 2253(c)(2) and "reasonable jurists" would find the court's "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S.473, 484 (2000); and,

5. The Clerk of Court shall mark this case CLOSED.

BY THE COURT:

/s/ C. Darnell Jones, II     J.